**Junior Michael DACOSTA, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**Civ. A. No. 91–1690.**

United States District Court, District of Columbia.

Jan. 27, 1992.

Junior Michael Dacosta, pro se.

Claire M. Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

Plaintiff in this action filed a Freedom of Information Act (FOIA) request on January 2, 1991 seeking all FBI records that refer to him. Plaintiff was notified that the backlog of FOIA requests would cause a delay in providing him with the records he sought. After receiving that information, he filed an appeal in February of 1991. In a letter to the FBI giving notice of the appeal, he stated, "I am willing to except (sic) a reasonable delay in the processing of this FOIA request; however, I ask that I be informed of the date by which my request will be processed." *See* Exhibit D, Motion of Defendant Federal Bureau of Investigation For Stay of Proceedings. Plaintiff was then told in a March 1, 1991 letter that the Bureau had over 8,800 requests pending and that his request would be taken up in turn. *See* Exhibit E, Motion of Defendant Federal Bureau of Investigation for Stay of Proceedings. In July of 1991, plaintiff filed this lawsuit pro se and in forma pauperis. Defendant has now filed a motion for stay of proceedings.

In *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C.Cir.

1976), the Court of Appeals made it clear that where an administrative agency is deluged with FOIA requests and where it is attempting to respond to those requests in good faith and with due diligence, a district court may retain jurisdiction over the case and allow the agency time to complete its procedures. The defendant has submitted the Declaration of Karlton D. Bolthouse, an FBI Supervisory Special Agent at FBI Headquarters handling FOIA requests. The declaration demonstrates credibly that the FBI is making a good faith effort to address an unprecedented number of FOIA requests with limited resources. Defendant has identified approximately 700 pages that may contain references to the plaintiff. The nature of some of these documents may require consultation with other government agencies before they can be produced. Obviously, responding to plaintiff's request will be a time-consuming task. Nonetheless, the Court lacks enough information to verify that the defendant is using due diligence. Mr. Bolthouse states that "the average turnaround time for the processing of requests requiring record reviews is currently more than one year." Bolthouse Declaration at 7. Yet more than a year has already passed since plaintiff made his initial request. Moreover, despite the fact that plaintiff stated in his February, 1991 letter that he would accept a delay and that he merely wanted to know when he could expect a response, there is no evidence that plaintiff has been given this information.

Although *Open America* did anticipate that some agencies might need considerable time to respond to FOIA requests, the opinion seems to contemplate delays would be measured in months, not years. *See Open America*, 547 F.2d at 615 ("some would be content to have their curiosity satisfied in six to nine months...."). The Court cannot provide more resources to the agency, and I am sympathetic to the overwhelming burden that FOIA requests create. Therefore, I will grant a stay. However, the Court must insure that due diligence is used and that the plaintiff is given sufficient attention. The plaintiff is

entitled to at least that much. Therefore, I will require the defendant to provide me with status reports on the progress of plaintiff's request.

Accordingly, it is this 16 day of January, 1992, hereby

ORDERED that the proceedings are stayed; and it is

FURTHER ORDERED that defendant shall make a status report to the Court every sixty days until it has either produced the documents or provided a statement naming exemptions that allow defendant to withhold documents. The status report shall inform the Court of how many similar requests are pending, how many similar requests have been disposed of over the previous sixty day period, which personnel are handling plaintiff's request, and how long defendant projects it will be until plaintiff's request has been handled.